**ROBERT T. SEVA`AETASI, UILIATA MOEAI, Plaintiffs,**

**v.**

**TUIA`ANA MOI, FA`ATALATALA T. MAUA, Defendants.**

High Court of American Samoa
Land and Titles Division

LT No. 08-95

November 12, 1997

232

Before KRUSE, Chief Justice, and AFUOLA, Associate Judge.

Counsel: For Plaintiffs, Charles V. Ala`ilima
For Moi Tuia`ana, Aumoeualogo S. Salanoa

ORDER DENYING PETITION FOR INJUNCTIVE RELIEF

### Introduction

Plaintiffs claim a certain 7.7-acre tract situated within a larger land area commonly known as "Tafeta." They seek to enjoin the defendants from any further encroachment onto this claimed area. Tafeta belongs to the people of Faleniu who cleared and took possession of the area in 1922. *Magalei v. Tago*, 3 A.S.R. 185 (Trial Div. 1955); *Galoia v. Mamoe*, 3 A.S.R. 245 (Trial Div. 1956); *Lualemana v. Filo*, LT No. 55-1961 (Trial Div. 1961), aff'd 3 A.S.R. 642 (App. Div. 1961); *Magalei v. Lualemana*, 4 A.S.R. 242 (Trial Div. 1961). The defendant Tuia`ana Moi ("Tuia`ana"), a Faleniu matai, claims the disputed area on behalf of the Magalei/Tuia`ana extended family of Faleniu. Fa`atalatala T. Maua, the second defendant, is joined in this matter because of a proposed extension to her daughter's home which is located on the disputed area. The proposed extension was the subject of a separation agreement executed by defendant Tuia`ana.

233

Plaintiffs' predecessor in interest, the late Robert S. Tago Seva`aetasi ("Tago"), first went upon the area in 1946 through the permission of the Chiefs of Faleniu. *See Magalei v. Tago, supra; Magalei v. Atualevao*, 19 A.S.R.2d 86 (Land & Titles Div. 1991). Subsequently, Tago tried, unsuccessfully, to assert his own independent claim to the area in derogation of his Faleniu grantors' rights. *Id. See also Lualemana v. Tago*, 3 A.S.R. 43 (Trial Div. 1952).

In *Magalei v. Tago* (the "1955 case"), the court rejected Tago's ownership claim based on an adverse possession theory. The court found that Tago's occupation was not "adverse" but "permissive." In *Magalei v. Atualevao* (the "1991 case"), the court also rejected Tago's claim grounded on a 1957 deed given him by two Faleniu matai. The court found "numerous flaws" in the deed itself, as well as total non-compliance with statutory law governing the alienation of communal land.[1] While allowing that the flawed deed may have given Tago a license, the court stopped short of deciding which Faleniu family(s) owned the land that the 1957 deed purported to convey to Tago.

Today, Tago's children are attempting to resurrect their father's adverse possession claim, but with the added entreaty that it would be only fair for the court in 1997 to grant their adverse possession claim because in 1991 the court allowed the adverse possession claims of Aoloau villagers in the vicinity.

## Discussion

We noted in our earlier order denying interlocutory relief that plaintiffs' cause faced immediate problems with the doctrines of *res judicata* and collateral estoppel. (*See* Order Denying Motion for Preliminary Injunction, entered April 27, 1995.) Plaintiffs, in apparent recognition of this predicament and the realization that their "fairness" plea would not stay the effects of the *res judicata* rule, contend that a new prescriptive period had begun to run after the 1957 deed. (*See* Plaintiffs' Closing Argument, at 6.)

■ We have two problems with plaintiffs' claim. First, the attempt to hatch a brand new adverse possession claim based on the 1957 deed would have been ripe for presentation to the court in the 1991 case. The judgment in the 1991 case, denying Tago's ownership claim, became conclusive not only as to that which was determined but also as to every other matter the parties might have raised and litigated. *Manufacturers*

---

[1] A.S.C.A. §§ 37.0203-0204, requiring Land Commission referral and gubernatorial approval; §§ 37.0101 et seq., proscribing the procedure for offering land for registration with the Territorial Registrar; and, §§ 37.0201 et seq., proscribing the procedure for conveying communal land.

*Hanover Trust Co. v. The Tifaimoana*, 7 A.S.R.2d 84 (Trial Div. 1988). There must be an end to litigation at some time.

█ Second, the 1957 deed is the antithesis of an adverse possession claim. The court in the 1955 case evicted Tago from Tafeta effective 1962; however, before the court's deadline, Tago again secured permission from Faleniu Chiefs to remain on Tafeta. Tuia`ana, a remarkably 92 years old, who would have been well toward adulthood when Faleniu first established Tafeta, testified that after the decision of the 1955 case was handed down, Tago went to Magalei, the father of the present titleholder, to let him remain on the land. Furthermore, the "flawed" deed itself evidences permissive, as opposed to adverse, possession. Tago did not therefore remain on Tafeta adversely, but permissively. As such, he was on the land merely as a licensee. *See Magalei v. Tago, supra*; *Utu v. Fuata*, 17 A.S.R.2d 104, 107 (Land & Titles Div. 1990). In these circumstances, any "activities on the land in pursuance of a license, no matter how extensive and no matter what the original state of the land, cannot give rise to a claim of ownership." *Opapo v. Puailoa*, 15 A.S.R.2d 48, 50 (Land & Titles Div. 1990), citing *Tuileata v. Taliva`a*, 3 A.S.R. 201 (Trial Div. 1956). *See also Satele v. Uiagalelei*, 6 A.S.R.2d 143, 145 (Land & Titles Div. 1987).[2]

█ Plaintiffs additionally argue that Tuia`ana has presented no credible evidence showing his extended family's entitlement to the disputed area such as would defeat any interests plaintiff may have been granted by the 1957 deed. We disagree. Tuia`ana testified that the disputed tract lay within a greater area of Tafeta that was given by the village council to the Magalei/Tuia`ana family when the village divided up Tafeta. There was no evidence to the contrary. Significantly, we note the conspicuous absence of other Faleniu families coming forward to controvert the Magalei/Tuia`ana family's claim to the disputed area. At the same time, we also note from previous cases involving this area, that the only Faleniu villagers who have unfailingly defended title to the area against the hostile claims of Tago and others, have been those of the Magalei/Tuia`ana family. This lends credence to Tuia`ana's claim of a village subdivision of the area in his family's favor. Finally, we note on the evidence that plaintiffs' occupation of the 7.7-acre tract itself is not exclusive; there are Tuia`ana family homes and graves within this area.

### Conclusion & Order

With respect to the area of Tafeta claimed by plaintiffs, we conclude on the foregoing that the 7.7-acre tract is a part of the communal holding of

---

[2] The difference between the Aoloau villagers' claims, allowed by the court in 1991, and that of Tago's, is the difference between "adverse" and "permissive" use. Plaintiffs' call for fairness is, therefore, unfounded.

the Magalei/Tuia`ana family of Faleniu in that greater land area known as "Tafeta." Conversely, we conclude that plaintiffs' interest in the disputed area is, at best, merely a license.

Plaintiffs' application for injunctive relief is, therefore, denied. Judgment will enter accordingly for the defendants.

It is so Ordered.